(No. 12839.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER E. WALKER, Plaintiff in Error.

*Opinion filed February 18, 1920.*

CRIMINAL LAW—*when evidence is not sufficient to sustain conviction for practicing medicine without license.* Under an information charging the defendant with practicing medicine and surgery without "being then and there licensed to practice medicine and surgery in all their branches," evidence that the defendant treated his patient as a chiropractor and used no drugs or medicine and performed no surgical operation is not sufficient to sustain a conviction.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

ALONZO M. GRIFFEN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, and EDWARD B. ZAHN, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging that plaintiff in error, Peter E. Walker, "not being then and there licensed to practice medicine and surgery in all their branches, did practice medicine and surgery, and that the said Peter E. Walker did, on, to-wit, the fifteenth day of October, 1918, A. D., practice medicine and surgery by treatment of one R. R. Gall." A motion was made to quash the information on the grounds that it alleged conclusions and not facts; that it did not allege that defendant was not licensed to treat human ailments by other means than medicine or operative surgery; that it did not allege that Gall was treated by defendant for a physical ailment, physical injury or deformity; that it did not set out facts sufficient to show that defendant treated or professed to treat, operate on or prescribe for, a physical ailment, in-

jury or deformity of another; and that the Medical Practice act is unconstitutional, in that it violates sections 13 and 22 of article 4 and section 2 of article 2 of the constitution of Illinois and section 1 of article 14 of the constitution of the United States. The motion to quash was overruled, a jury waived and trial had before the court without a jury. Plaintiff in error was found guilty and a fine of $500 assessed against him. Motions for a new trial and in arrest of judgment were overruled. The cause is brought here by writ of error to review the judgment of the municipal court.

There being a complete failure of proof to sustain the judgment it will be unnecessary to consider the sufficiency of the information or the constitutionality of the act.

Plaintiff in error was a graduate of the National School of Chiropractic and the Electric School of Therapeutics. R. R. Gall testified that he took 115 treatments from plaintiff in error for deafness; that he paid two dollars a treatment for the first fifteen treatments and was to pay the same for additional treatments if a cure was effected; that the treatments did not help him and that he paid no more; that plaintiff in error worked around witness' ears with an electric vibrator and manipulated witness' neck and spine with his hands; that he used no drugs or medicine and performed no surgical operation; that he rubbed some glycerine inside witness' ears and told witness to do the same occasionally while at home. While the evidence clearly shows that plaintiff in error treated Gall by a system or method of treating human ailments without the use of drugs or medicine and without operative surgery, there is no pretension to charge in the information a violation of that part of the Medical Practice act forbidding such system or method of treatment without first obtaining a license so to do.

The municipal court erred in finding plaintiff in error guilty, and the judgment is therefore reversed.

*Judgment reversed.*